ALONZO *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property
of Guayama.

No. 19.—Decided January 21, 1909.

RECORD OR ENTRY OF INSTRUMENTS.—To record or enter instruments transferring
or encumbering the ownership or possession of real property or property
rights, the interest of the person conveying it, or in whose name the transfer
or encumbrance is made, must be previously recorded or entered.

RESPONSIBILITY OF REGISTRARS.—The registrars shall be responsible for the errors
that may be caused by them, through violation of the provisions of section
20 of the Mortgage Law.

CERTIFICATE OF PURCHASE ISSUED BY INTERNAL REVENUE COLLECTORS.—Section 20
of the Mortgage Law shall not be understood as having been repealed by
articles 351 and 352 of the Political Code, and certificates of purchase, re-
ferred to in these sections, shall be recorded subject to the provisions of
the Mortgage Law.

The facts are stated in the opinion.

This appeal was taken by the interested party himself.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal taken by Isidoro Alonzo from a decision
of the Registrar of Property of Guayama, refusing admission
to record of the certificate of purchase of a rural estate.

In proceedings instituted by the Collector of Internal Rev-
enue of Guayama against Benito Rivera for the recovery of
taxes, attachment was levied on a rural estate as the property
of said Rivera, the same consisting of 10 *cuerdas* of land and
a house in *barrio* "Carite" of Guayama, bounded on the north
by lands belonging to Juan B. Llinas, on the south, by those of
Ceferino Velazquez, on the east, by those of Rafael Larrauri,
and on the west, by those of the Estate of Juan Coto, which
property was sold to Isidoro Alonzo, in whose favor the proper
certificate of sale had been issued.

Said document having been presented to the Registrar of
Property of Guayama for admission to record, the same was

by him refused for the reasons set forth in the following decision:

"Admission to record of this document is refused, because the property sold does not appear recorded in the name of the delinquent taxpayer, nor in that of any other person, and cautionary notice is entered in accordance with the Act of March 1, 1902, to have effect during four months, at folio 32, over, volume 29, of Guayama, property No. 1490, entry letter B. Guayama, November 15, 1908. Felipe Cuchi Arnau, Registrar."

From the aforesaid decision Isidoro Alonzo took an appeal to this Supreme Court in the manner prescribed by the Act of March 1, 1902.

According to a decision rendered by this Supreme Court under date of January 25, 1905, in the administrative appeal by the *People of Porto Rico* v. *The Registrar of Property, of Ponce,* 8 P. R. Rep., 11, it is a fundamental principle of the Mortgage Law, contained in article 20 thereof, that to record or enter instruments transferring the ownership or possession of real property or property rights, the interest of the person conveying it, or in whose name the transfer or encumbrance is made, must be previously recorded, and that registrars shall refuse to record such instruments so long as this requirement has not been complied with, they being directly responsible for such damage as may be caused by them to third parties through violation of that provision, which cannot be understood as having been repealed by sections 351 and 352 of the Political Code of this Island which prescribe that registrars shall record the certificate of purchase referred to therein, for these sections must be construed to mean that the certificates of purchase issued by collectors shall be recorded subject to the provisions of the Mortgage Law, wherein are determined the cases and the manner in which the records shall be made.

The doctrine above set forth was also applied in deciding, on the 29th of October last, the administrative appeal of *The*

*American Railroad Co. of Porto Rico* v. *The Registrar of Property of Aguadilla.*

The decision of the registrar of property, dated December 15, 1908, which gave rise to the present appeal, is affirmed, and a certified copy of the present decision is ordered to be forwarded to said registrar, for his guidance, together with the documents presented.

*Affirmed.*

Justices Figueras, MacLeary and Wolf concurred.

Mr. Chief Justice Quiñones did not take part in the decision of this case.